# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD WAGONER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:14-CV-10 |
| | ) |
| COMMISSIONER OF THE INDIANA | ) |
| DEPARTMENT OF CORRECTION, | ) |
| and INDIANA DEPARTMENT OF | ) |
| CORRECTION, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the: (1) complaint filed by Richard Wagoner, by counsel, on January 3, 2014 (DE #1); and (2) the Application to Proceed in District Court Without Prepaying Fees or Costs, filed by Richard Wagner, on January 3, 2014 (DE #3). For the reasons set forth below, the Clerk is **ORDERED** to **DISMISS** the complaint **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A. Additionally, the application to proceed in forma pauperis (DE #3) is **DENIED.**

BACKGROUND

Plaintiff, Richard Wagoner, sets outs events in the current complaint that he alleges occurred after the date a complaint was filed in another case in this court which was before Magistrate Judge Christopher Nuechterlein, 3:05-cv-438. His second amended

complaint was filed in that case on September 6, 2011. In that previous case, Wagoner filed a motion to supplement the complaint on July 26, 2013 (3:05-cv-438, DE #174), but ultimately, Judge Nuechterlein granted summary judgment in that case in favor of Defendants on November 26, 2013, without specifically addressing the motion to supplement the complaint.

In the current complaint, Wagoner alleges that he is a former prisoner of the Indiana Department of Correction ("IDOC"), and he was released in February 2013. He is disabled, and his paraplegia requires him to use a wheelchair. (DE #1, p. 2.) He alleges that Defendants, IDOC and the Commissioner of IDOC ("Commissioner") discriminated against him on the basis of his disability by, *inter alia*, failing to provide him with a proper wheelchair, appropriate toileting facilities, a properly designed cell, proper sidewalks, a weight room and law library , and appropriate medical care during his stay in jail. (DE #1, pp. 1-10.) He alleges claims under the Rehabilitation Act, 29 U.S.C. § 794; the American with Disabilities Act, 42 U.S.C. § 12131-12134; 42 U.S.C. section 1983; and 42 U.S.C. § 1985(2).

DISCUSSION

Under the federal *in forma pauperis* statute, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an

inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a)(1). Here, Wagoner asserts that he receives approximately $1,665 per month from social security and $150 per month from his family members. (DE #3.) Based on this income information, his annual income is around $21,780, and that is above the financial eligibility for *in forma pauperis* status. *See* HHS Poverty Guidelines, 79 Fed. Reg. 3593 (Jan. 22, 2014) (setting the poverty level at $11,670 per year for a single individual).

The inquiry does not end there, however. The Court has an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 33-34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank*, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Wagoner's complaint lists the Indiana Department of Correction ("IDOC") as a Defendant. The Constitution's Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizens own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). The Eleventh Amendment's jurisdictional bar extends to state agencies, such as the Indiana Department of Correction, as well as to the State itself. *Kashani v. Purdue Univ.*, 813 F.2d 843 (7th Cir. 1987). A State may elect to waive its Eleventh Amendment immunity, but Indiana hasn't done so. *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988). Accordingly, the Court will dismiss IDOC from this action.

Wagoner also "sues the Commissioner in the Commissioner's official capacity for actions taken under color of any statute, ordinance, regulation, custom, or usage, of Indiana by the Commissioner . . . ." (DE #1, p. 3.) The Eleventh Amendment

4

precludes action against such officials for damages in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Meadows*, 854 F.2d at 1069. State officials, in their official capacities, are not "persons" within the meaning of section 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). As such, the Commissioner, sued in his official capacity, is also dismissed from the action.

CONCLUSION

For the reasons set forth below, the Clerk is **ORDERED** to **DISMISS** the complaint **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A. Additionally, the application to proceed in forma pauperis (DE #3) is **DENIED.**


**DATED: April 14, 2014**                 /s/ RUDY LOZANO, Judge
                                                            **United States District Court**